## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHESTER WATER AUTHORITY,** | : | **CIVIL ACTION NO. 1:14-CV-1076** |
| | : | |
| **Plaintiff,** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **SUSQUEHANNA RIVER BASIN** | : | |
| **COMMISSION,** | : | |
| | : | |
| **Defendant.** | : | |

## MEMORANDUM

Plaintiff Chester Water Authority ("CWA") filed the above-captioned action for a declaratory judgment regarding certain approvals granted to Old Dominion Electric Cooperative ("ODEC") by defendant Susquehanna River Basin Commission ("SRBC"). (Doc. 14). Presently before the court is a motion to intervene (Doc. 18) pursuant to Federal Rule of Civil Procedure 24(a)(2), filed by ODEC, with the concurrence of SRBC. (Doc. 24). CWA opposes the motion to intervene. (Doc. 25). For the reasons that follow, the court will grant the motion.

## I.   Factual Background and Procedural History

Plaintiff CWA is a public, non-profit municipal authority that serves drinking water from the Susquehanna River to more than 40,000 customers in Pennsylvania. (Doc. 14 ¶¶ 1, 8). Defendant SRBC is an agency that coordinates the conservation, development, and administration of the water resources of the Susquehanna River Basin among Pennsylvania, Maryland, New York, and the federal government under the Susquehanna River Basin Compact. (Id. ¶ 8). In March 2014, SRBC

approved two applications filed by ODEC for consumptive water use and surface

water withdrawal from Conowingo Pond of the Susquehanna River (the

"Approval") for ODEC's Rock Springs Generation Facility ("Rock Springs") and

Wildcat Point Generation Facility ("Wildcat Point").  (Id. ¶¶ 2-7, 30-32).

On June 3, 2014, CWA filed a complaint to commence the instant action

against SRBC and ODEC, seeking a declaratory judgment and remand to SRBC to

clarify portions of the Approval that adversely affect CWA's operations.  (Doc. 1).

On June 26, 2014, CWA amended its complaint to request relief only against SRBC.

(Doc. 14).  On July 1, 2014, ODEC filed the instant motion to intervene pursuant to

Federal Rule of Civil Procedure 24(a)(2).  (Doc. 18).  According to ODEC, any review

of the SRBC Approval will significantly affect ODEC's interests in operating its

electricity generation facilities.  (Doc. 19).  CWA opposes the motion to intervene,

whereas SRBC concurs.  (Docs. 24, 25).  The motion has been fully briefed and is

ripe for disposition.

## II.  Legal Standard

Under Federal Rule of Civil Procedure 24(a)(2), the court must grant a

motion to intervene as a matter of right when a non-party "claims an interest

relating to the property or transaction that is the subject of the action, and is so

situated that disposing of the action may as a practical matter impair or impede the

movant's ability to protect its interest, unless existing parties adequately represent

that interest."  FED. R. CIV. P. 24(a)(2).  The Third Circuit interprets Rule 24(a)(2) to

require an applicant to establish four elements: (1) the application for intervention

2

is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest

may be affected or impaired, as a practical matter by the disposition of the action;

and (4) the interest is not adequately represented by an existing party in the

litigation.  Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc., 72

F.3d 361, 365-66 (3d Cir. 1995) (quoting Harris v. Pernsley, 820 F.2d 592, 596 (3d Cir.

1987)); see also United States v. Territory of the V.I., 748 F.3d 514, 519 (3d Cir. 2014);

Westra Constr., Inc. v. U.S. Fid. & Guar. Co., 546 F. Supp. 2d 194, 200 (M.D. Pa.

2008).  Each of these requirements must be met to intervene as of right.  Mountain

Top Condo. Ass'n, 72 F.3d at 366.

## III.   **Discussion**

In the instant motion, ODEC asserts that, as the applicant and recipient of

the SRBC Approval for Wildcat Point, ODEC has a significant and unique interest

in the court's review of the Approval.  (Doc. 19 at 1).  CWA opposes the motion on

grounds that the amended complaint seeks clarification of the Approval only

regarding Rock Springs and the discharge of wastewater.  (Doc. 25 at 1-2).

According to CWA, these issues are separate and unrelated to water use or surface

water withdrawal at Wildcat Point.  (Id.)  Thus, ODEC does not have an interest in

the subject matter of the litigation that could be impaired by the outcome or that is

not adequately represented by the existing parties.  (Id.)  The court will address

each element of a motion to intervene as a matter of right *seriatim*.

### A.   Timeliness

The timeliness of a motion to intervene "is determined by the totality of the circumstances." _In re_ Cmty. Bank of N. Va., 418 F.3d 277, 314 (3d Cir. 2005).  In weighing the timeliness of a motion, the court must consider: "(1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay."  Id.; see also Westra Constr., 546 F. Supp. 2d at 200-01.  Generally, the intervention of a non-party will not prejudice the current parties when discovery has yet to commence and dispositive motions have not been filed.  Nat'l Collegiate Athletic Ass'n v. Corbett, 296 F.R.D. 342, 347 (M.D. Pa. 2013) (citing Mountain Top Condo. Ass'n, 72 F.3d at 370).  Here, the parties do not dispute that ODEC's motion is timely.  (See Doc. 19 at 5; Doc. 25 at 5 n.2).  ODEC filed the motion to intervene within one week after CWA filed its amended complaint and prior to the filing of any responsive motion or exchange of discovery.  Accordingly, the court finds that the first element weighs in favor of intervention.

### B.   Interest in Litigation

Next, ODEC must establish an interest "relating to the property or transaction which is the subject of the action" that is "significantly protectable." Donaldson v. United States, 400 U.S. 517, 531 (1971).  In other words, ODEC must demonstrate that "there is a tangible threat to a legally cognizable interest to have the right to intervene."  Mountain Top Condo. Ass'n, 72 F.3d at 366 (quoting Harris, 820 F.2d at 601).  This interest must be direct and "distinguished from interests of a

4

general and indefinite character." <u>Id.</u> "A mere economic interest in the outcome of the litigation is insufficient to support a motion to intervene." <u>Id.</u>

ODEC argues that SRBC granted the Approval for ODEC's benefit as part of a multi-year, multi-step process to begin operations at Wildcat Point.  (Doc. 19 at 1). As the applicant and recipient of the Approval, ODEC has a significant interest in CWA's challenge to the scope or interpretation of the Approval.  (<u>Id.</u> at 4-5).  The court agrees.  The subject matter of this litigation is the SRBC Approval.  It is irrelevant that CWA only seeks to challenge the Approval as it relates to Rock Springs or the discharge of wastewater.  (<u>See</u> Doc. 25 at 4-6).  Contrary to CWA's assertions, ODEC's interest in the Approval is not limited to consumptive water use and surface water withdrawal at Wildcat Point.  ODEC clearly has an important interest in retaining and enforcing the benefits of the Approval as a whole.

Other courts have also found similar interests to be sufficient to satisfy Rule 24(a) standards.  In <u>Sierra Club v. U.S. EPA</u>, 995 F.2d 1478 (9th Cir. 1993), <u>overruled on other grounds by</u> <u>The Wilderness Soc'y v. U.S. Forest Serv.</u>, 630 F.3d 1173 (9th Cir. 2011), the Ninth Circuit reversed a district court ruling denying the City of Phoenix's motion to intervene as of right.  <u>Id.</u>  In that case, the Sierra Club sued the EPA seeking declaratory and injunctive relief that would require the EPA to change the terms of permits issued to the City pursuant to the Clean Water Act.  In conducting a Rule 24(a) analysis, the court found that the city had a legally protectable interest in the litigation.  Specifically, the court found that:

> The legitimate interests of persons discharging permissible quantities
> of pollutants pursuant to NPDES permits are explicitly protected by
> the [Clean Water] Act. 33 U.S.C. § 1342. Because the Act protects the
> interest of a person who discharges pursuant to a permit, and the City
> of Phoenix owns such permits, the City has a "protectable" interest.
> These permits may be modified by control strategies issued as a result
> of this litigation, so the City's protectable interest relates to this
> litigation.

Id. at 1485-86; see also Am. Farm Bureau Fed'n v. U.S. EPA, 278 F.R.D. 98, 104-06

(M.D. Pa. 2011) (holding that plaintiff's challenge to EPA strategy defining the limits

of previously issued NPDES permits implicated intervenors' legally protectable

interest in discharging nutrients and sediment under such permits). Similarly, in

this case, ODEC relies on the terms of the SRBC Approval in operating its

electricity generation facilities. Thus, the court finds that ODEC has a legally

protectable interest in the subject matter of the litigation to warrant intervention as

of right.

   The court may also consider ODEC's economic interest in the outcome of this

litigation. See Kleissler v. U.S. Forest Serv., 157 F.3d 964, 973 (3d Cir. 1998); Am.

Farm Bureau Fed'n, 278 F.R.D. at 105. Here, ODEC has invested more than $675

million to commence operations at its new electricity generation facility. Such

economic interest is more than a "mere attenuated economic interest" and further

supports the court's finding of a legally protectable interest. See Kleissler, 157 F.3d

at 973 (granting intervention in injunction proceeding to halt all logging activity due

to movants' economic interest in future timber contracts); Am. Farm Bureau Fed'n,

278 F.R.D. at 105 (finding a legally protectable interest in movants' interest in

preserving their capital investments in treatment upgrades).

## C.    Impairment of Interest

ODEC must also demonstrate that its legally protectable interest may be affected or impaired as a practical matter by the disposition of the action in its absence.  Mountain Top Condo. Ass'n, 72 F.3d at 368.  ODEC contends that any remand of the Approval to SRBC will delay ODEC's electricity generation projects. (Doc. 19 at 5; Doc. 26 at 6).  CWA responds that ODEC's interest in Wildcat Point will not be impaired by clarifying the SRBC Approval with respect to Rock Springs. (Doc. 25 at 6-7).  According to CWA, ODEC will retain the approval for water use and surface water withdrawal at Wildcat Point.  (Id.)

CWA's narrow interpretation of the consequences of the instant action misinterprets the Rule 24(a)(2) standard.  Rule 24(a)(2) requires only impairment "as a practical matter."  FED. R. CIV. P. 24(a)(2).  Thus, the court is not limited to the consequences of resolving narrowly tailored legal issues and may consider the realistic and practical consequences of its ruling.  See Harris, 820 F.2d at 601 ("Rule 24(a)(2) directs the courts to consider the practical consequences of the litigation in passing on an application to intervene as of right.");  Am. Farm Bureau Fed'n, 278 F.R.D. at 108.  An applicant's burden to satisfy this standard is minimal; the applicant need only show that, without intervention, impairment of a significant legal interest is possible.  Am. Farm Bureau Fed'n, 278 F.R.D. at 108.

In this case, CWA requests that the court remand the Approval to SRBC for clarification of certain issues.  CWA asserts that ODEC may rely on the Approval in the interim to operate its electricity generation facilities.  The court rejects this

assertion.  To the contrary, it is entirely possible that all or parts of the Approval
will be altered as a result of this litigation or that ODEC will face a delay in
operations.  Therefore, the court finds that ODEC has satisfied its burden of
showing that its interest may be impaired or affected by the court's disposition of
this action.

### D.     Adequacy of Representation

Lastly, ODEC must establish that its interests are not adequately represented
by the existing parties.  See Nat'l Collegiate Athletic Ass'n, 296 F.R.D. at 349 (citing
Hoots v. Pennsylvania, 672 F.2d 1133, 1135 (3d Cir. 1982)).  An applicant bears a
minimal burden to show that representation *may* be inadequate, not that such
representation is inadequate.  See Trbovich v. United Mine Workers, 404 U.S. 528,
538 n.10 (1972); Hoots, 672 F.2d at 1135.  "[W]hen the party seeking intervention has
the same ultimate objective as a party to the suit, a presumption arises that its
interests are adequately represented." *In re* Cmty. Bank of N. Va., 418 F.3d at 315
(citation omitted).  To overcome the presumption of adequate representation, the
applicant must generally demonstrate "(1) that although the applicant's interests
are similar to those of a party, they diverge sufficiently that the existing party
cannot devote proper attention to the applicant's interests; (2) that there is collusion
between the representative party and the opposing party; or (3) that the
representative party is not diligently prosecuting the suit." Nat'l Collegiate Athletic
Ass'n, 296 F.R.D. at 349 (quoting Brody v. Spang, 957 F.2d 1108, 1123 (3d Cir. 1992));
see also *In re* Cmty. Bank of N. Va., 418 F.3d at 315.

In particular, "[a] government entity charged by law with representing national policy is presumed adequate for the task . . . But the presumption notwithstanding, when an agency's views are necessarily colored by its view of the public welfare rather the more parochial views of a proposed intervenor whose interest is personal to it, the burden is comparatively light." <u>Kleissler</u>, 157 F.3d at 972 (internal citations omitted); <u>Am. Farm Bureau Fed'n</u>, 278 F.R.D. at 109-10.

Here, SRBC is a governmental agency, thus raising the rebuttable presumption that SRBC will adequately represent ODEC's interest in the instant action. CWA asserts that SRBC and ODEC share the same ultimate objective to defend the Approval. (Doc. 25 at 8-9). ODEC disputes this contention. According to ODEC, SRBC seeks to protect the water resources of the Susquehanna River Basin, whereas ODEC is striving to operate electricity generation facilities and to provide cost-effective power to its members and customers. (Doc. 26 at 5). As the sole owner of Wildcat Point, ODEC has a unique interest in defending the Approval to initiate and to facilitate operations at that facility. (Doc. 19 at 5; Doc. 26 at 4). The court finds ODEC's argument persuasive.

The Third Circuit has recognized that a government agency must represent "numerous complex and conflicting interests." <u>Kleissler</u>, 157 F.3d at 973. "The straightforward business interests asserted by intervenors here may become lost in the thicket of sometimes inconsistent governmental policies." <u>Id.</u> at 973-74; <u>see</u> <u>Am. Farm Bureau Fed'n</u>, 278 F.R.D. at 110-11 (noting that EPA must consider the interests of public interests groups as well as conflicting interests from agriculture,

municipal stormwater associations, and land developers and may lead EPA to resolve the litigation contrary to applicants' interests).  ODEC correctly notes that SRBC focuses on conservation, development, and administration of the water resources of the Susquehanna River Basin.  SRBC may not consider the specific, parochial interests related to building and operating electricity generation facilities, such as avoiding more stringent operating restrictions.  Accordingly, the court finds that ODEC's business interests may conflict with SRBC's broader interest in protecting water resources and that SRBC may not adequately represent ODEC's interests.

## IV.     Conclusion

For the foregoing reasons, the court concludes that ODEC has satisfied all of the elements for intervention as a matter of right.  Therefore, the court will grant ODEC's motion to intervene.[1]  (Doc. 18).  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:      August 11, 2014

---

[1]  CWA also argues that ODEC seeks to intervene only to pursue Rule 11 sanctions.  (Doc. 25 at 9-10).  As a general rule, a non-party may not intervene solely for the purpose of seeking Rule 11 sanctions because such collateral procedural issues alone do not raise a legally protectable interest.  See New York News, Inc. v. Kheel, 972 F.2d 482, 485-87 (2d Cir. 1992).  However, in this case, the court holds that ODEC may intervene as a matter of right based upon other legally protectable interests related to the subject matter of the litigation.  Cf. id. at 488 (holding that non-party could not move for Rule 11 sanctions when he did not otherwise satisfy the intervention requirements of Rule 24).  Thus, CWA's Rule 11 argument is without merit.